**COMMONWEALTH of Pennsylvania**

v.

**Glen A. WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 3, 2006.

Filed Oct. 3, 2006.

---

Glen A. Williams, appellant, Pro Se.

Bradley H. Foulk, Asst. Dist. Atty., Erie, for Com., appellee.

BEFORE: STEVENS, MUSMANNO and PANELLA, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Glen A. Williams, appeals, *pro se*, from the order entered on January 20, 2006, by the Honorable Ernest J. DiSantis, Jr., Court of Common Pleas of Erie County, which dismissed his motion for DNA testing filed pursuant to the Post Conviction Relief Act (PCRA).[1] After careful review, we affirm.

¶ 2 On January 13, 1992, following a four day jury trial, Williams was convicted of rape and simple assault. On April 7, 1992, Williams was sentenced to an aggregate term of seven and one-half to fifteen years imprisonment. This Court affirmed Williams' judgment of sentence on February 22, 1993. *See Commonwealth v. Williams*, 428 Pa.Super. 642, 627 A.2d 206 (Pa.Super.1993) (table).

¶ 3 Williams filed a *pro se* PCRA petition on March 7, 1996. The PCRA court appointed counsel on April 17, 1996, and replacement counsel on May 20, 1996. On July 19, 1996, appointed counsel filed a motion to withdraw, along with a "no-merit" letter.[2] The PCRA court subsequently dismissed Williams' PCRA petition on September 5, 1996.[3]

¶ 4 On January 17, 2006, Williams filed a motion for forensic DNA testing, pursuant to 42 Pa.Cons.Stat.Ann. § 9543.1, in which he requested that the sex crimes evidence kit taken from the victim, along with the victim's clothing, be subjected to forensic DNA testing. The PCRA court dismissed Williams' petition on January 20, 2006.[4] This timely appeal followed.

¶ 5 Williams purports to raise three issues on appeal, *see* Appellant's Brief, at

---

1. 42 Pa. Cons.Stat.Ann. §§ 9541–9546. A motion for DNA testing, while clearly separate and distinct from claims pursuant to other sections of the PCRA, nonetheless constitutes a postconviction petition under the PCRA. *See Commonwealth v. Brooks*, 875 A.2d 1141, 1148 (Pa.Super.2005); *Commonwealth v. Young*, 873 A.2d 720, 724 (Pa.Super.2005), *appeal denied*, 586 Pa. 739, 891 A.2d 733 (2005).

2. *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) *(en banc)*.

3. A review of the certified record discloses that Williams did not appeal the dismissal of his PCRA petition.

4. A review of the certified record and certified docket sheets reveals that the PCRA court apparently dismissed Williams' petition without notice. Pennsylvania Rule of Criminal Procedure 907 provides, in pertinent part, that "[i]f the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal." Pa. R.Crim.P., Rule 907(1), 42 Pa. Cons. Stat.Ann. We have held that the PCRA court must comply with the notice provision in Rule 907. *See Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa.Super.2000). In any event, Williams has not raised the PCRA court's failure to provide notice pursuant to Rule 907 and, as such, any defect in notice is waived. *See id.* (noting that PCRA court failed to give notice pursuant to former Rule 1507, now Rule 907, but found the issue waived as it was not raised on appeal).

3, but, in actuality, raises only one: Did the PCRA court err in finding that he failed to satisfy the *prima facie* requirements set forth in 42 PA. CONS.STAT.ANN. § 9543.1? [5]

■ ¶ 6 Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Hall,* 867 A.2d 619, 628 (Pa.Super.2005), *appeal denied,* 586 Pa. 756, 895 A.2d 549 (2006). Our scope of review is limited by the parameters of the PCRA. *See Commonwealth v. Heilman,* 867 A.2d 542, 544 (Pa.Super.2005), *appeal denied,* 583 Pa. 669, 876 A.2d 393 (2005).

¶ 7 Section 9543.1 provides, in pertinent part, the following:

(a) **Motion.**—

(1) An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing

at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

. . .

(c) **Requirements.**—In any motion under subsection (a), under penalty of perjury, the applicant shall:

(1) (i) specify the evidence to be tested;

(ii) state that the applicant consents to provide samples of bodily fluid for use in the DNA testing; and

(iii) acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.

(2) (i) assert the applicant's actual innocence of the offense for which the applicant was convicted; and

. . .

(3) present a *prima facie case* demonstrating that the:

(i) *identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing;* and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted. . . .

---

**5.** We note that the argument section of Williams' opening brief is composed of just three short paragraphs totaling six sentences. *See* Appellant's Brief, at 5.

(d) Order.-

. . .

(2) The court shall not order the testing requested in a motion under subsection (a) if, after review of the record of the applicant's trial, the court determines that there is no reasonable possibility that the testing would produce exculpatory evidence that:

(i) would establish the applicant's actual innocence of the offense for which the applicant was convicted . . . .

. . .

42 PA. CONS.STAT.ANN. § 9543.1 (emphasis added).

¶ 8 The PCRA court dismissed Williams' motion as it found that Williams failed to establish a *prima facie* case as the "identity of the perpetrator was not at issue because appellant admitted that he had sexual intercourse with the victim." PCRA Court Opinion, 2/14/06, at 2. We agree.

¶ 9 At trial, Williams' defense to the rape charge was that the sexual intercourse with the victim was consensual, as Williams notes in his reply brief. *See* Ap-

pellant's Reply Brief, at 2.[6] Williams testified at trial that both he and the victim took off their pants, *see* N.T., Trial, 1/13/92, at 22, and he described their subsequent interaction as follows:

> We laid down on the floor. I got on top of her. We did—we sexed it up for about five or six minutes until a disturbance came. My mother—my father came, knocked on the door and he said, what ya'll doing in there. So we jumped up real fast, right, and tried to hurry up and put on our clothes.

*Id.,* at 23.

¶ 10 Unfortunately for Williams, the jury did not deem his recitation of the incident credible[7] and found him guilty of rape. We find that the PCRA court properly dismissed Williams' motion for DNA testing as Williams' identity was not at issue at trial—as mentioned, the very theory of the defense, and the sum and substance of Williams' own testimony, was that the sexual intercourse had occurred and was consensual. Therefore, because Williams' participation was not at issue, the results of the DNA testing would not establish his innocence. Accordingly, Williams has failed to establish a prima facie case. See 42 PA. CONS.STAT.ANN. § 9543.1(c)(3).[8]

---

6. In his reply brief, Williams raises a claim of trial counsel ineffectiveness. *See* Reply Brief, at 2. There are two obvious problems with Williams' assertion of trial counsel ineffectiveness: (1) The claim was not raised in his PCRA petition, and thus, it is waived, *see, e.g., Commonwealth v. Williams,* 587 Pa. 304, 899 A.2d 1060, 1066 n. 5 (2006); and (2) an appellant cannot raise new issues in a reply brief, *see Commonwealth v. Brown,* 582 Pa. 461, 475 n. 5, 872 A.2d 1139, 1147 n. 5 (2005).

7. In contrast to Williams' assertion that he and the victim engaged in consensual sex in a bathroom in his parents' house, evidence was presented by the Commonwealth at trial that the victim was raped in a field.

8. With respect to the *prima facie* requirement for DNA testing, our distinguished colleague, the Honorable Justin M. Johnson, writing for the panel in *Commonwealth v. Heilman,* 867 A.2d 542 (Pa.Super.2005), *appeal denied,* 583 Pa. 669, 876 A.2d 393 (2005), explained that

> [o]n its face, the *prima facie* requirement set forth in § 9543.1(c)(3) and reinforced in § 9543.1(d)(2) requires an appellant to demonstrate that favorable results of the requested DNA testing *"would establish"* the appellant's actual innocence of the crime of conviction. Heilman has failed to make such a demonstration, nor could he. In DNA as in other areas, an absence of evidence is not evidence of absence.

*Id.,* at 546–547 (emphasis in original).

¶ 11 Order affirmed. Jurisdiction relinquished.