J-S66014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT WILSON DENT, | |
| Appellant | No. 813 MDA 2014 |

Appeal from the Order Entered April 17, 2014
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000156-2009

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED OCTOBER 22, 2014**

Appellant, Robert Wilson Dent, appeals *pro se* from the April 17, 2014 order denying his "Petition for *Habeas Corpus* Relief Pursuant to Article I, Section 14 of the Pennsylvania Constitution."  We affirm.

On May 4, 2009, Appellant pled guilty to one count of aggravated assault, a felony of the first degree.  He was sentenced on June 8, 2009, to a term of 78 months' to 20 years' incarceration.  Appellant did not file a notice of appeal.  Thus, his judgment of sentence became final on July 8, 2009.  **See** 42 Pa.C.S. § 9545(b)(3) (stating judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (requiring notice of appeal to "be filed within 30 days after the entry of the order from which the appeal is taken").

Appellant filed a *pro se* PCRA petition on November 12, 2009, and counsel was appointed. After conducting a hearing, the PCRA court denied Appellant relief on May 26, 2010. Appellant filed a timely notice of appeal. After this Court affirmed the order denying his PCRA petition, our Supreme Court denied his subsequent petition for allowance of appeal. **Commonwealth v. Dent**, 46 A.3d 813 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 55 A.3d 97 (Pa. 2012).

On April 15, 2014, Appellant filed a *pro se* document entitled, "Petition for *Habeas Corpus* Relief Pursuant to Article I, Section 14 of the Pennsylvania Constitution." Therein, Appellant maintained that his sentence is illegal because the sentencing order does not state the statutory authority underlying that sentence. Two days later, on April 17, 2014, the court issued an order denying Appellant's petition.[1] Appellant filed a timely *pro se* notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June 3, 2014, the court issued a Rule 1925(a) opinion. On appeal, Appellant presents one question for our review: "Whether the trial court abused its discretion in dismissing Appellant's petition for writ of *habeas corpus ad subjiciendum*?" Appellant's Brief at 3 (unnecessary capitalization omitted).

_____

[1] The court did not file a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. However, Appellant does not challenge that failure on appeal and, thus, this issue is waived. **See Commonwealth v. Williams**, 909 A.2d 383, 384 n.4 (Pa. Super. 2006) (citation omitted).

Appellant primarily contends that the court erred by treating his petition for writ of *habeas corpus* as a petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We disagree. As this Court has explained:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; **Commonwealth v. Haun**, 613 Pa. 97, 32 A.3d 697 (2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* [**Commonwealth v.**] **Fahy**, [737 A.2d 214,] 223–224 [(Pa. 1999)]; **Commonwealth v. Chester**, 557 Pa. 358, 733 A.2d 1242 (1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); **see also Commonwealth v. Deaner**, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

**Commonwealth v. Taylor**, 65 A.3d 462, 465-466 (Pa. Super. 2013).

Here, in his petition, Appellant claimed that his sentence is illegal because the sentencing order does not state the statutory authority for the sentence imposed. Challenges to the legality of a sentence are cognizable under the PCRA. **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (holding that a "motion to correct illegal sentence" is a petition for relief under PCRA because "[the PCRA] provides for an action by which … persons serving illegal sentences may obtain collateral relief") (quoting 42 Pa.C.S. § 9542; citing **Commonwealth v. Hockenberry**, 689 A.2d 283, 288 (Pa. Super. 1997) (stating the legality of sentence is a cognizable issue

under the PCRA)). Therefore, Appellant's petition for writ of *habeas corpus* constitutes a PCRA petition.

It is also apparent that Appellant's petition is patently untimely.[2] Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

**(b) Time for filing petition.--**

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

_____

[2] "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Fahy**, 737 A.2d at 223 (citation omitted).

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant argued in his petition (and reiterates on appeal) that he is exempt from having to plead and prove the applicability of one of the above-stated exceptions because, due to the error in the sentencing order, "his sentence is vitiated, void *ab initio* and non-existent." PCRA Petition, 4/15/14. In other words, Appellant claimed that there was no legal judgment of sentence in his case from which he had to file a timely PCRA petition and, as such, he did not have to prove the applicability of a section 9545(b)(1) exception.

Appellant cites no legal authority to support this argument. We find it unconvincing in light of the well-established mandate that a petitioner who files an untimely PCRA petition challenging the legality of his sentence must plead and prove the applicability of one of the above-stated exceptions. *See* ***Fahy***, 737 A.2d at 223. Appellant's argument here does not fall under the ambit of any of those exceptions; accordingly, his petition is untimely.[3]

_____

[3] We acknowledge that Appellant briefly mentioned in his petition that, "the information upon which this [p]etition rests was not previously known or discoverable with reasonable diligence, and/or that the failure to raise [the claims] previously was the result of the ineffective assistance of all prior counsel." PCRA Petition at 4. While Appellant does not assert these arguments in his brief to this Court, we nevertheless note that our Supreme Court has stated, "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth***
*(Footnote Continued Next Page)*

We note that the only other argument Appellant presents in his brief to this Court is a claim that the PCRA court had inherent jurisdiction to correct the patent and obvious error in the sentencing order. Not only does Appellant not explain what timeliness exception this argument satisfies, he also did not raise this claim in his PCRA petition. Thus, it is untimely and/or waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 902(B) ("Each ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); *see also Commonwealth v. Rainey*, 928 A.2d 215, 226 (Pa. 2007) (noting that issues not raised in a PCRA petition are waived and cannot be considered for the first time on appeal).

In sum, Appellant's petition asserting that his sentence is illegal is untimely, and Appellant failed to plead and prove the applicability of any

*(Footnote Continued)* ─────────────

*v. Morris*, 822 A.2d 684, 694-95 (Pa. 2003) (citation omitted). Furthermore, to the extent Appellant sought to invoke the after-discovered fact exception of section 9545(b)(1)(ii), we disagree that he proved he acted with due diligence. Appellant claimed in his petition that he discovered his purportedly illegal sentencing order when he filed a written request for records under the Pennsylvania Right-to-Know Law. Appellant does not explain why he could not have filed this written request earlier. Thus, he did not prove he acted with due diligence under section 9545(b)(1)(ii).

exception to the PCRA's one-year time-bar.[4]    Thus, the court properly denied Appellant's petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2014

_____

[4] Nevertheless, we note that Appellant's sentence is not illegal, as statutory authority *does* exist for the sentence imposed.  **See** 18 Pa.C.S. § 1103(1) (stating that a person convicted of a felony of the first degree may be sentenced to "a term which shall be fixed by the court at not more than 20 years").  Appellant offers no legal authority to support his claim that the *sentencing orde*r must expressly state the statutory authority underlying the sentence.