J-S40039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHANE MYCHAL REEVES, | : | |
| | : | |
| Appellant | : | No. 2584 EDA 2015 |

Appeal from the Order August 4, 2015
in the Court of Common Pleas of Chester County,
Criminal Division, No(s): CP-15-CR-0004400-2011

BEFORE: BOWES, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 06, 2016**

Shane Mychal Reeves ("Reeves") appeals, *pro se*, from the Order denying his "Motion to Modify and Correct Illegal Sentence *Nunc Pro Tunc*."[1] We affirm.

On May 4, 2012, Reeves entered a negotiated guilty plea to two counts of possession with intent to deliver a controlled substance and was sentenced to an aggregate prison term of five to ten years. Reeves did not file a direct appeal.

---

[1] The trial court addressed Reeves's filing as a post-sentence motion to modify a sentence under Pa.R.Crim.P. 720(B)(1)(a)(v). However, the Motion contained arguments seeking relief pursuant to the Post Conviction Relief Act ("PCRA"), Pa.C.S.A. §§ 9541-9546, and should have been analyzed as his third PCRA Petition. **See** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exists when this subchapter takes effect"); **see also id.** § 9543(a)(2) (stating that collateral relief from an illegal sentence may be obtained under the PCRA); **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (analyzing an appellant's "motion to correct illegal sentence" as a PCRA petition).

Reeves filed his first PCRA Petition on August 20, 2012. The PCRA court dismissed that Petition, and this Court affirmed. **See Commonwealth v. Reeves**, 97 A.3d 807 (Pa. Super. 2014) (unpublished memorandum).

Reeves filed his second PCRA Petition on January 12, 2015, which the PCRA court dismissed.

On July 20, 2015, Reeves filed the instant Petition. The PCRA court denied the Petition on August 4, 2015.[2] Reeves filed a timely Notice of Appeal.

Reeves raises the following question for review: "Did the Court below error [*sic*] in denying relief?" Brief for Appellant at 4.

> An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

**Commonwealth v. Freeland**, 106 A.3d 768, 775 (Pa. Super. 2014) (citation and brackets omitted).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A.

---

[2] Reeves's Petition was denied without a hearing or notice. Pennsylvania Rule of Criminal Procedure 907 states that "the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal." Pa.R.Crim.P. 907(1). Because the Motion should have been analyzed as a PCRA Petition, the lower court erred in not complying with this mandatory requirement. However, such a defect is waived due to Reeves's failure to raise the issue. **See Commonwealth v. Williams**, 909 A.2d 383, 384 n.4 (Pa. Super. 2006).

§ 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In the present case, Reeves's judgment of sentence became final on June 4, 2012, as he did not file a direct appeal.[3] *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 903(a). Reeves had until June 4, 2013, to file a timely PCRA petition. Thus, the instant July 20, 2015 Petition is facially untimely under the PCRA.

The PCRA provides three exceptions to the one-year time limitation: (1) the failure to raise the claim was the result of government interference; (2) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; (3) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section has expired, and it has been held to apply retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions must

---

[3] We note that 30 days after May 4, 2012, is Sunday, June 3, 2012.

be filed within sixty days of the date the claim could have been presented. *See id.* § 9545(b)(2).

Reeves invokes the third exception, and claims that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), renders his sentence illegal.[4] Brief for Appellant at 12. In *Alleyne*, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155.

Reeves failed to file his Petition within sixty days of June 17, 2013, the date of the *Alleyne* decision. *See Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (stating that to fulfill the 60-day requirement, defendants need to file their petitions within 60 days from the date of the court's decision). Moreover, *Alleyne* is not retroactive to cases where the judgment of sentence was final. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the United States Supreme

---

[4] Reeves also cites to this Court's decisions in *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa. Super. 2014), and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), in support of his argument. Brief for Appellant at 12. However, this Court's decisions do not invoke the third timeliness exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).

Court nor the Pennsylvania Supreme Court has held that **Alleyne** applies retroactively where the judgment of sentence has become final).[5]

Accordingly, the PCRA court properly denied Reeves's Petition.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016

---

[5] Reeves also discusses claims of legal error and ineffectiveness of counsel during the initial stages of his appeal. Brief for Appellant at 9-12. However, Reeves did not raise these claims in his third PCRA Petition. Therefore, these claims are waived. **See** Pa.R.Crim.P. 902(B) (providing that "[f]ailure to state [a ground for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); **see also Commonwealth v. Rainey**, 928 A.2d 215, 226 (Pa. 2007) (noting that issues not raised in a PCRA petition are waived and cannot be considered for the first time on appeal).

[6] It is well-settled that this Court may affirm a trial court's decision on any valid grounds. **Commonwealth v. Taggert**, 997 A.2d 1189, 1197 n.10 (Pa. Super. 2010).