J-S48043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ISAEL RAMOS, | : | |
| | : | |
| Appellant | : | No. 289 WDA 2016 |

Appeal from the PCRA Order February 4, 2016
in the Court of Common Pleas of Blair County,
Criminal Division, No(s): CP-07-CR-0000030-2008;
CP-07-CR-0000646-2008

BEFORE:  BOWES, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JULY 08, 2016**

Isael Ramos ("Ramos") appeals, *pro se*, from the Order dismissing his "Motion to Vacate Judgment of Sentence, and/or in the Alternative, Petititon to Set Aside Petittition's [*sic*] Mandatory Minimum Sentence Pursuant to **Alleyne v. United States**,[1] *Nunc Pro Tunc*," which was treated as his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[2] **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

_____

[1] **Alleyne v. United States**, 133 S. Ct. 2151 (2013).

[2] **See** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exists when this subchapter takes effect"); **see also id.** § 9543(a)(2) (stating that collateral relief from an illegal sentence may be obtained under the PCRA); **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (analyzing an appellant's "motion to correct illegal sentence" as a PCRA petition).

On January 9, 2009, Ramos entered a negotiated guilty plea to two counts of possession with intent to deliver, one count of criminal use of a communication facility, one count of corrupt organizations, and one count of criminal conspiracy. Ramos was sentenced to an aggregate prison term of fourteen to twenty-eight years. Ramos filed a Notice of Appeal on June 16, 2009, which this Court quashed as untimely on September 17, 2009.

Thereafter, Ramos filed his first PCRA Petition. The PCRA court appointed Ramos counsel, who filed an Amended Petition. Following an evidentiary hearing, Ramos voluntarily withdrew his PCRA Petition. On July 23, 2012, Ramos filed a second PCRA Petition. The PCRA court dismissed that Petition as untimely.

Ramos filed the instant Petition, his third, on January 19, 2016. The PCRA court dismissed the Petition on February 4, 2016.[3] Ramos filed a timely Notice of Appeal.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions.

---

[3] The PCRA court did not issue a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. **See** Pa.R.Crim.P. 907(1). The PCRA court must comply with this provision. **See Commonwealth v. Williams**, 909 A.2d 383, 384 n.4 (Pa. Super. 2006). However, Ramos failed to object to the PCRA court's failure; thus, the notice defect is waived. **See id.**

- 2 -

Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." ***Id.*** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

In the present case, Ramos's judgment of sentence became final on February 9, 2009, as he did not file a timely direct appeal. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** Pa.R.A.P. 903(a). Ramos had until February 9, 2010, to file a timely PCRA petition. Thus, the instant January 19, 2016 Petition is facially untimely under the PCRA.

The PCRA provides three exceptions to the one-year time limitation: (1) the failure to raise the claim was the result of government interference; (2) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; (3) the right asserted is a constitutional right recognized by the United States Supreme Court or the

Pennsylvania Supreme Court after the time period provided in the section has expired, and it has been held to apply retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions must be filed within sixty days of the date the claim could have been presented. **See id.** § 9545(b)(2).

Ramos invokes the third exception, and claims that the United States Supreme Court decision in **Alleyne** renders his sentence illegal. Brief for Appellant at 7-19. In **Alleyne**, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. **Alleyne**, 133 S. Ct. at 2155.

Ramos failed to file his Petition within sixty days of June 17, 2013, the date of the **Alleyne** decision. **See Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013) (stating that to fulfill the 60-day requirement, defendants need to file their petitions within 60 days from the date of the court's decision). Moreover, **Alleyne** is not retroactive to cases where the judgment of sentence was final. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that **Alleyne** applies

retroactively where the judgment of sentence has become final); *see also* *Commonwealth v. Riggle*, 119 A.3d 1058, 1067 (Pa. Super. 2015).[4]

Accordingly, the PCRA court properly dismissed Ramos's third PCRA Petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

---

[4] Ramos also claims that this Court must address his claim because it implicates the legality of the sentence. Brief for Appellant at 16-17. Because the timeliness requirement of the PCRA is jurisdictional and was not met, the merits of this claim cannot be addressed by this Court. *See Miller*, 102 A.3d at 995 (stating that although *Alleyne* claims implicate the legality of the sentence, courts cannot review such a claim where the court does not have jurisdiction).