J-S23043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
CLINTON HITNER, :
:
Appellant : No. 2719 EDA 2016

Appeal from the PCRA Order July 7, 2016
in the Court of Common Pleas of Bucks County,
Criminal Division, No(s):  CP-09-CR-0002015-2004;
CP-09-CR-0002016-2004

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **Filed May 19, 2017**

Clinton Hitner ("Hitner") appeals, *pro se*, from the Order dismissing his

Motion for Post-Conviction DNA Testing filed pursuant to Section 9543.1 of

the Post Conviction Relief Act ("PCRA").[1]  We affirm.

Following a jury trial, Hitner was convicted of multiple counts of rape,

kidnapping, and related charges, arising from the rape of two women.[2]  On

October 6, 2005, Hitner was classified as a sexually violent predator, and the

trial court sentenced him to an aggregate term of 40 to 80 years in prison.

This Court affirmed Hitner's judgment of sentence, and the Pennsylvania

Supreme Court denied allowance of appeal.  ***See Commonwealth v.***

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[2] Hitner was charged on two separate dockets, which were consolidated prior
to trial.

*Hitner*, 910 A.2d 721 (Pa. Super. 2006), *appeal denied*, 926 A.2d 441 (Pa. 2007).

Hitner subsequently filed two PCRA Petitions, which were denied.

Hitner filed the instant *pro se* Motion for Post-Conviction DNA Testing on April 18, 2016. The PCRA court issued a Pa.R.Crim.P. 907 Notice, to which Hitner, *pro se*, filed a Response. The PCRA court dismissed Hitner's Motion for Post-Conviction DNA Testing, noting that Hitner had failed to allege how DNA testing would be exculpatory, or support his claim of actual innocence. Hitner filed a timely Notice of Appeal.[3]

On appeal, Hitner raises the following question for our review: "Did the PCRA court err in denying post[-]conviction DNA testing[,] which would establish [Hitner's] innocence?" Brief for Appellant at 5.

Hitner argues that "the Commonwealth knowingly, intentionally and willfully omitted certain items of evidence from their request for DNA testing[,]" and that, as a result, "the defense was unable to mount a reliable defense … that would have resulted in … an acquittal of the kidnapping offenses." *Id.* at 7. Specifically, Hitner claims that the Commonwealth did not submit samples from the trunk of his car for testing, despite one victim's claim that he had kidnapped her by forcing her into the trunk. *Id.* Hitner asserts that under the pertinent statute, 42 Pa.C.S.A. § 9543.1, "[t]he only recourse for the [c]ourt to deny this [Petition] … is to claim … that there is

---

[3] The PCRA court did not order Hitner to file a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

- 2 -

no reasonable probability that the testing would produce exculpatory evidence." Brief for Appellant at 9.

> Generally, the [PCRA] court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order [dismissing] a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

*Commonwealth v. Walsh*, 125 A.3d 1248, 1252-53 (Pa. Super. 2015).

> Initially,

> [m]otions for post-conviction DNA tests, while considered post-conviction petitions under the PCRA, are clearly separate and distinct from claims pursuant to other sections of the PCRA. It is well-recognized that the one-year time bar proscribed under the PCRA does not apply to petitions for post-conviction DNA testing under Section 9543.1.

*Commonwealth v. Perry*, 959 A.2d 932, 938 (Pa. Super. 2008) (citations and quotation marks omitted).

To obtain post-conviction DNA testing under Section 9543.1, a petitioner must prove the following:

> If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S.A. § 9543.1(a)(2). In other words, "[a] petitioner [] does not meet the requirements of [Section] 9543.1(a)(2) if the technology existed at the time of his trial, the verdict was rendered after January 1, 1995, and the court never refused funds for the testing." **Perry**, 959 A.2d at 938-39 (citation, quotation marks and brackets omitted).

Additionally,

[u]nder [S]ection 9543.1(c)(3), the petitioner is required to present a *prima facie* case that the requested DNA testing, assuming it gives exculpatory results, would establish the petitioner's actual innocence of the crime. Under [S]ection 9543.1(d)(2), the court is directed not to order the testing if it determines, after review of the trial record, that there is no reasonable possibility that the testing would produce exculpatory evidence to establish petitioner's actual innocence. … [T]here can be no mistake that the burden lies with the petitioner to make a *prima facie* case that favorable results from the requested DNA testing would establish his innocence.

**Commonwealth v. Williams**, 35 A.3d 44, 49-50 (Pa. Super. 2011); **see also** 42 Pa.C.S.A. § 9543.1(c)(3), (d)(2).

Here, Hitner has not satisfied the threshold requirements set forth under Section 9543.1(a)(2). Evidence from Hitner's vehicle would have been available before his trial in 2005, the DNA technology was available at the time of his trial, the verdict was rendered after January 1, 1995, and there is no evidence that the trial court refused funds for DNA testing. **See** 42 Pa.C.S.A. § 9543.1(a)(2); **see also Williams**, 35 A.3d at 51 (affirming PCRA court's denial of request for post-conviction DNA testing because the samples at issue were discovered prior to trial, technology for testing was

available at the time of trial, the verdict was entered after January 1, 1995, and the court did not refuse funds for testing).

Additionally, as the PCRA court noted,

the DNA evidence presented at trial, in conjunction with Hitner's admissions at trial, confirmed Hitner's guilt. Human hairs from one of the victims [were] found in Hitner's car following his arrest. Additionally, semen swabs from the same victim's face matched Hitner's DNA. Finally, a penile swab from Hitner contained the DNA of the second victim. … Hitner admitted to having consensual sex with both women. Hitner has not provided any facts alleging what DNA evidence could possibly be discovered that would establish his innocence.

PCRA Court Opinion, 11/18/16, at 3 (paragraph break omitted); ***see also***

***Commonwealth v. Williams***, 909 A.2d 383, 386 (Pa. Super. 2006) (concluding that DNA testing would not establish appellant's innocence, where his identity was not at issue in rape trial, as his defense theory was that the sexual intercourse had been consensual). Accordingly, the PCRA court did not err in dismissing Hitner's Motion for Post-Conviction DNA Testing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2017