J-S41044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARQUISE PIERRE DON MIMS | : | |
| | : | |
| Appellant | : | No. 3234 EDA 2017 |

Appeal from the PCRA Order September 1, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0003336-2016

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:              **FILED AUGUST 23, 2018**

Appellant, Marquise Pierre Don Mims, appeals from the order entered in the Bucks County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On December 5, 2016, Appellant entered a negotiated guilty plea to acquisition of a controlled substance by fraud and identity theft.  The court sentenced Appellant that day to the negotiated aggregate sentence of three to six years' imprisonment.  Appellant did not file post-sentence motions or a direct appeal.

On March 6, 2017, Appellant timely filed a *pro se* PCRA petition.  The court appointed counsel on March 16, 2017, who filed an amended PCRA petition on July 31, 2017.  Without issuing any notice per Pa.R.Crim.P. 907, the court summarily dismissed the petition on September 1, 2017.  Appellant

_____

*   Former Justice specially assigned to the Superior Court.

timely filed a notice of appeal on September 29, 2017. On October 2, 2017, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement; Appellant timely complied on October 23, 2017.

Preliminarily, Pennsylvania Rule of Criminal Procedure 907 provides, in relevant part:

> **Rule 907.  Disposition Without Hearing**
>
> Except as provided in Rule 909 for death penalty cases,
>
> (1)   the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s).  If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.  The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).   Issuance of Rule 907 notice is mandatory. *Commonwealth v. Guthrie*, 749 A.2d 502 (Pa.Super. 2000). *See also Commonwealth v. Feighery*, 661 A.2d 437 (Pa.Super. 1995) (explaining notice requirement of intention to dismiss is mandatory; vacating and remanding for fulfillment of notice requirement).  Nevertheless, the failure to challenge on appeal the absence of Rule 907 notice constitutes waiver. *Commonwealth v. Taylor*, 65 A.3d 462 (Pa.Super. 2013); *Commonwealth*

*v. Williams*, 909 A.2d 383 (Pa.Super. 2006).[1]

Instantly, Appellant filed a timely *pro se* PCRA petition on March 6, 2017, and a counseled amended PCRA petition on July 31, 2017. The court summarily dismissed the petition on September 1, 2017, without first issuing Rule 907 notice and giving Appellant an opportunity to respond. **See** Pa.R.Crim.P. 907(1); **Guthrie, supra**; **Feighery, supra**. Appellant has challenged the lack of Rule 907 notice on appeal. (**See** Appellant's Brief at 7, 11-12). **Compare Taylor, supra**; **Williams, supra**. Accordingly, we vacate the order denying PCRA relief and remand for appropriate further proceedings.

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/18

---

[1] Further, where a PCRA petition is **untimely**, the court's failure to issue Rule 907 notice is not reversible error. **Taylor, supra**. Because the current PCRA petition was timely filed, this exception does not apply.