J-S30040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUSAN ELAINE YEAGER | : | |
| | : | |
| Appellant | : | No. 147 WDA 2020 |

Appeal from the PCRA Order Entered November 18, 2019

In the Court of Common Pleas of Warren County Criminal Division at No(s): CP-62-CR-0000055-2009

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 21, 2020**

Susan Elaine Yeager ("Appellant" or "Yeager") files this *pro se* appeal from the order of the Court of Common Pleas of Warren County denying her petition pursuant to the Post-Conviction Relief Act (PCRA)[1] as untimely filed. After careful review, we affirm.

This Court previously summarized the facts of this case as follows:

On December 5, 2008[,] Shawn Yeager ("Victim") was found dead on his back porch from a gunshot wound. Police began interviewing family and friends of Victim immediately thereafter.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

During those interviews, Cory Altman ("Altman"), Victim's brother-in-law, confessed to shooting Victim from the woods.

In his interview with police, Altman stated that Yeager, his sister, had asked him to kill Victim. Yeager convinced Robert Pessia ("Pessia"), Yeager's former lover and co-worker, to drive Altman to an area near Victim's house so that Altman could go deer-hunting. Pessia drove Altman to a spot near the Victim's residence. Pessia waited at that location until he saw Altman running out of the woods. Once he was in the car, Altman shouted "go, go, go" at Pessia. Altman told Pessia that he had shot his buck for the season, despite not dragging one out of the woods with him. Pessia also testified that Altman stated he shot the buck "right between the shoulder blades."

Pessia eventually returned the car to Yeager at her place of work, with Altman coming along....

The jury found Yeager guilty of first degree murder and sentenced [her] to life imprisonment without the possibility of parole.

*Commonwealth v. Yeager*, 1766 WDA 2009, at *1-2 (Pa.Super. filed August 13, 2010) (unpublished memorandum).

On June 16, 2009, the trial court entered the judgment of sentence. Appellant filed a timely post-sentence motion, which the trial court subsequently denied. On August 13, 2010, this Court affirmed the judgment of sentence and on October 14, 2010, this Court entered an order denying Appellant's application for reargument. Appellant did not file a petition for allowance of appeal in the Supreme Court.

On January 17, 2011, Appellant filed her first *pro se* PCRA petition and was appointed counsel, who assisted Appellant in filing an amended petition. After a hearing, on May 23, 2011, the PCRA court denied Appellant's petition. On March 9, 2012, this Court affirmed the trial court's order denying Appellant's petition.

On February 9, 2019, Appellant filed a second PCRA petition, along with a Motion to Compel Discovery of DNA and Biological Sample Evidence. On March 8, 2019, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 along with an opinion. On March 28, 2019, Appellant filed a response to the notice to dismiss and an application for reconsideration. On April 11, 2019, the PCRA court filed an order in which it denied Appellant's application for reconsideration. Appellant filed a notice of appeal.

On November 18, 2019, this Court remanded the case back to the PCRA court for an entry of a final order disposing of Appellant's second PCRA petition. Upon receipt of this Court's decision, on November 18, 2019, the PCRA court entered an order denying Appellant's petition as untimely filed. However, this order was not immediately served on the parties.

On December 31, 2019, the Warren County Clerk of Courts sent Appellant a letter enclosing the PCRA court's November 19, 2019 order and indicating that the order had not been previously served on the parties due to a "clerical error." The Clerk of Courts notified Appellant that she had thirty days to file an appeal. On January 16, 2020, Appellant filed a notice of appeal.

As a preliminary matter, we must determine whether this appeal was timely filed. Generally, a "notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903. Appellant filed her notice of appeal on January 16, 2020, more than thirty days from the trial court's November 18, 2019 order denying her petition.

While a court typically cannot enlarge the time for filing a notice of appeal, this Court may entertain an untimely appeal where a breakdown of court processes occurred. **Commonwealth v. Flowers**, 149 A.3d 867, 872 (Pa.Super. 2016) (declining to quash appeal as untimely due to a breakdown in court operations that occurred when the trial court failed to ensure that the appellant was correctly advised of the appellate rules).

In this case, the Warren County Clerk of Courts admitted that, due to a clerical error, the parties were never served the PCRA court's November 18, 2019 order. As this administrative breakdown prevented Appellant from filing her appeal in a timely manner, we decline to quash the appeal.

Before reaching the merits of Appellant's arguments on appeal, we must first review the PCRA court's conclusion that Appellant's petition was untimely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions

enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In this case, this Court affirmed the judgment of sentence on August 13, 2010 and entered an order denying Appellant's petition for reargument on October 14, 2010. Appellant's judgment of sentence became final on November 13, 2010, when the time period for filing a petition for allowance of appeal in the Supreme Court expired. *See* Pa.R.A.P. 1113(a)(1) (giving an appellant thirty days to seek review with the Supreme Court after order denying reargument is filed). As a result, Appellant had until November 13, 2011 to file a timely PCRA petition. Appellant's petition filed on February 9, 2019, is facially untimely.

Appellant attempts to invoke the governmental interference exception to the PCRA timeliness requirements. This Court has held that "[t]he proper question with respect to Subsection 9545(b)(1)(i)'s timeliness exception is "whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." *Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa.Super. 2019) (quoting *Commonwealth v. Edmiston*, 619 Pa. 549, 65 A.3d 339, 345 (2013)).

- 5 -

Appellant suggests that "governmental interference [] hindered her in obtaining a fair trial" as she alleges that law enforcement (1) did not perform a timely and thorough investigation of the crime scene at the time of the victim's death, (2) did not properly advise her of her *Miranda* rights, and (3) prevented her from being present while her minor son was interviewed.

However, Appellant fails to allege that governmental officials impeded her in any way from presenting claims cognizable under the PCRA within the required time frame and does not show she was diligent in raising such claims for review. As such, we agree that Appellant is not entitled to relief based on the governmental interference exception.

Appellant also alleges that she is entitled to relief under the "newly-discovered fact" exception to the PCRA timeliness requirements as her counsel failed to (1) challenge the jury instructions given at trial or (2) argue that her co-defendants were never given their *Miranda* warnings or allowed to have counsel present when they were interrogated and made statements that incriminated Appellant.

To meet the "newly discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must show that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015).

Appellant has failed to demonstrate any new facts that were unknown and could not have been ascertained through the exercise of due diligence.

Appellant's ineffectiveness claims do not constitute "new facts" to excuse the untimeliness of her PCRA petition. It is well-established that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 80, 753 A.2d 780, 785 (2000). As such, the PCRA court did not err in finding that Appellant had not proven any of the timeliness exceptions to excuse the untimeliness of her petition.

Appellant also claims that the lower court erred in denying her request to have DNA at the crime scene located and sampled to prove her innocence. This Court has addressed the distinction between PCRA petitions and motions for postconviction DNA testing under 42 Pa.C.S.A. § 9543.1:

> [m]otions for post-conviction DNA tests, while considered post-conviction petitions under the PCRA, are "clearly separate and distinct from claims pursuant to other sections of the PCRA." *Commonwealth v. Williams*, 909 A.2d 383, 384 n. 1 (Pa.Super. 2006). It is well-recognized that the one-year time bar proscribed under the PCRA does not apply to petitions for post-conviction DNA testing under Section 9543.1. *See*, *e.g.*, *Commonwealth v. Brooks*, 875 A.2d 1141, 1146 (Pa.Super. 2005); *Commonwealth v. Young*, 873 A.2d 720, 724 (Pa.Super. 2005). In addition, petitions for post-conviction DNA testing are unique in that the petition does not carry with it the right to counsel. *Brooks*, 875 A.2d at 1147 ("Nowhere does Section 9543.1 confer upon a petitioner the right to counsel.").

*Commonwealth v. Perry*, 959 A.2d 932, 938 (Pa.Super. 2008).

Section 9543.1 of the PCRA, which is entitled "Postconviction DNA testing," provides that "[a]n individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the

sentencing court at any time for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction." 42 Pa.C.S.A. § 9543.1.

Moreover, in order to qualify for post-conviction DNA testing, Section 9543.1 requires an applicant to, *inter alia*, "present a *prima facie* case demonstrating that the ... identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing" and that exculpatory results of DNA testing of specific evidence would establish "the applicant's actual innocence of the offense for which [she] was convicted[.]" 42 Pa.C.S.A. § 9543.1(c)(3).

In denying Appellant's motion for DNA testing, the lower court found that Appellant failed to show how specific DNA evidence would tend to prove her innocence as her convictions were based on a theory of accomplice liability in ordering her co-defendant to murder the victim. The trial court explained as follows:

> [Appellant] confessed to the police that she solicited [her] co-defendant to kill Shawn Yeager. Along with this confession, the Commonwealth presented surveillance footage from [Appellant's] workplace that depicted her meeting with [her] co-defendants on the day of the murder as well as multiple witnesses testifying that [Appellant] made statements that she wanted the victim dead.

PCRA Court Opinion, 3/10/20, at 10.

Appellant makes no attempt to present a theory or any evidence that would refute the trial court's finding that Appellant failed to present a *prima facie* case that DNA testing would establish her innocence. As a result, the

trial court did not err in denying Appellant's motion for postconviction DNA testing.

For the foregoing reasons, we affirm the lower court's order denying Appellant's PCRA petition and motion for postconviction DNA testing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2020