J-S24036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JARED LEE DOWNWARD | |
| Appellant | No. 1037 MDA 2015 |

Appeal from the Order Entered May 13, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005279-2008

BEFORE:  GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED SEPTEMBER 13, 2016**

Appellant, Jared Lee Downward, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, denying his serial petition for collateral relief under the Post Conviction Relief Act ("PCRA"),[1] which Appellant styled as a "motion for correction of sentence *nunc pro tunc*."  We affirm.

The relevant facts and procedural history of this case are as follows. From 2006 to 2008, Appellant engaged in sexual acts with three minor victims.  On July 23, 2009, Appellant pled guilty to one count of rape of a child and three counts each of involuntary deviate sexual intercourse ("IDSI"), statutory sexual assault, corruption of minors, and indecent

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

assault. The court sentenced Appellant on November 25, 2009, to an aggregate term of twelve-and-one-half (12½) to twenty-eight (28) years' incarceration. Appellant's sentence included concurrent mandatory minimum terms of ten (10) to twenty (20) years' incarceration for the three IDSI convictions and the conviction for rape of a child, pursuant to 42 Pa.C.S.A. § 9718. Appellant did not file a direct appeal.

On October 12, 2010, Appellant filed his first *pro se* PCRA petition. The court appointed counsel, who filed an amended petition. On December 21, 2011, the PCRA court entered an order granting in part and denying in part the petition. The court concluded Appellant's convictions for indecent assault, IDSI, and rape of a child with respect to one victim, C.S.P., should have merged for sentencing purposes. The court further determined Appellant performed the act underlying his conviction for rape of a child before Section 9718 was amended to increase the mandatory minimum sentence for that offense from five to ten years' incarceration. After PCRA counsel requested clarification of the decision, the court entered an amended order on January 19, 2012, in which it vacated Appellant's sentences for rape of a child, IDSI, and indecent assault with respect to C.S.P., and declared the mandatory minimum sentence applicable to Appellant's rape conviction under Section 9718 was five years' incarceration. The court denied PCRA relief in all other respects, including Appellant's claim that additional charges should have merged for sentencing. Appellant appealed

the PCRA court's order on February 21, 2012, after the court had scheduled a hearing to resentence Appellant in accordance with the order.[2] On March 30, 2012, the court resentenced Appellant to a mandatory minimum term of five (5) to ten (10) years' incarceration for the rape of a child conviction and merged the indecent assault and IDSI convictions relating to C.S.P. The court re-imposed the original sentences for all other convictions, which resulted in a new aggregate sentence of twelve (12) to twenty-six years (26) years' incarceration.[3]

This Court affirmed the PCRA court's January 19, 2012 order on November 1, 2012, and the Pennsylvania Supreme Court denied allowance of appeal on March 26, 2013. *See Commonwealth v. Downward*, 63 A.3d 818 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 619 Pa. 698, 63 A.3d 1243 (2013) (rejecting Appellant's additional merger claims).

_____

[2] The January 19, 2012 order granting in part and denying in part Appellant's PCRA petition constituted a final order for purposes of appeal. Therefore, Appellant's notice of appeal was not premature, even though the court had yet to resentence Appellant in accordance with that order. *See Commonwealth v. Gaines*, 127 A.3d 15 (Pa.Super. 2015) (*en banc*) (holding PCRA court's order, which granted sentencing claim and denied all claims for new trial, was final appealable order; period for filing appeal began to run on date of that order, rather than on date trial court resentenced defendant pursuant to order).

[3] The PCRA court's order did not state it was vacating any of Appellant's sentences other than those for rape of a child, indecent assault, and IDSI with respect to C.S.P. Nevertheless, the court's resentencing order indicates it re-imposed the original sentences for the remaining convictions.

Appellant filed his second *pro se* PCRA petition on April 23, 2013, which the PCRA court denied as untimely on May 23, 2013. This Court affirmed the PCRA court's order on April 9, 2014. ***See Commonwealth v. Downward***, 102 A.3d 526 (Pa.Super. 2014) (unpublished memorandum). On April 16, 2015, Appellant *pro se* filed the instant "motion for correction of sentence *nunc pro tunc*," which the PCRA court denied on May 13, 2015.[4] On June 12, 2015, Appellant timely filed a *pro se* notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises two issues for our review:

> WHETHER THE [PCRA] COURT ABUSED ITS DISCRETION AND/OR COMMITTED AN ERROR OF LAW WHEN IT REFUSED TO CORRECT AN UNCONSTITUTIONAL SENTENCING [STATUTE] THAT IS NOW VOID *AB INITIO*?
>
> WHETHER…APPELLANT HAS AN EQUAL PROTECTION RIGHT UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION TO A RE-SENTENCING HEARING JUST LIKE THOSE PRISONERS…WHO[SE] SENTENCES WERE VACATED BASED UPON UNCONSTITUTIONAL [STATUTES]?

---

[4] Because the court did not treat Appellant's filing as a PCRA petition, it did not issue notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Nevertheless, Appellant does not raise the issue of Rule 907 notice on appeal. ***See Commonwealth v. Williams***, 909 A.2d 383, 384 n.4 (Pa.Super. 2006) (stating court's failure to provide Rule 907 notice is not reversible error or even ground for remand, where petitioner has failed to raise issue on appeal). Further, where a PCRA petition is untimely in all respects, the court's failure to issue Rule 907 notice is not reversible error. ***Commonwealth v. Pursell***, 561 Pa. 214, 225 n.7, 749 A.2d 911, 917 n.7 (2000); ***Commonwealth v. Davis***, 916 A.2d 1206, 1208 (Pa.Super. 2007).

(Appellant's Brief at 4).

In his first issue, Appellant argues his mandatory minimum sentences are illegal in light of **Alleyne v. United States**, ___ U.S. ___, 133 S. Ct. 2151, 186 L.Ed.2d 314 (2013), and **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014).[5] Appellant contends no statutory authorization exists to support his mandatory minimum sentences as a result of those decisions. Appellant asserts the trial court had jurisdiction over his case and retained inherent authority to correct his illegal sentence at any time. Appellant concludes this Court should vacate his judgment of sentence and remand for resentencing. We disagree.

Generally, "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). An untimely post-sentence motion filed after the conclusion of the direct appeal process, which raises a claim for relief contemplated by the PCRA, should be treated as a PCRA petition. **Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013). **See also Commonwealth v. Fowler**, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (stating attack on legality of sentence is cognizable under PCRA).

The timeliness of a PCRA petition is a jurisdictional requisite.

---

[5] The Pennsylvania Supreme Court recently affirmed this Court's decision in **Wolfe**. **See Commonwealth v. Wolfe**, ___ A.3d ___, 2016 WL 3388530 (Pa. filed June 20, 2016).

*Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). To invoke the "new constitutional right" exception, the petitioner must plead and prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Instantly, the trial court initially sentenced Appellant on November 25, 2009. Appellant did not file a direct appeal. Appellant filed his first PCRA petition on October 12, 2010, which the court granted in part and denied in part. On March 30, 2012, pursuant to its order granting partial PCRA relief, the court resentenced Appellant on his rape of a child conviction and merged his convictions of IDSI and indecent assault with respect to C.S.P. The court re-imposed Appellant's original sentences for all other convictions, including

the two mandatory minimum IDSI sentences with respect to victims D.M.P. and B.J.P.  Appellant filed his second PCRA petition on April 23, 2013, which was denied as untimely.  On April 16, 2015, Appellant filed the instant "motion for correction of sentence *nunc pro tunc*," in which he raised an *Alleyne* challenge to his IDSI sentences with respect to D.M.P. and B.J.P. Because Appellant's direct appeal process had already concluded when he filed the "motion," which challenged the legality of those two IDSI sentences, the court should have treated his filing as a PCRA petition.  *See Ruiz, supra*; *Taylor, supra*; *Fowler, supra*.

Further, the court's grant of partial relief on Appellant's first PCRA petition, which resulted in resentencing on March 30, 2012, did not "reset the clock" for purposes of calculating the date Appellant's judgment of sentence became final.  *See Commonwealth v. Keever*, 947 A.2d 782 (Pa.Super. 2008) (stating successful PCRA petition does not affect calculation of finality of judgment of sentence where relief granted neither restored petitioner's direct appeal rights *nunc pro tunc* nor disturbed conviction, but affected petitioner's sentence only).  Therefore, for purposes of the PCRA, Appellant's judgment of sentence became final on Monday, December 28, 2009, upon expiration of the time to file a direct appeal with this Court from the original date of sentencing on November 25, 2009.  *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a).  Consequently, when properly construed as a serial PCRA petition, Appellant's current "motion" is patently

- 7 -

untimely.[6] *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant failed to plead and prove any exception to the PCRA's timeliness requirements. Further, the new constitutional rule announced in *Alleyne* does not apply retroactively. *See Commonwealth v. Washington*, ___ A.3d ___, 2016 WL 3909088 (Pa. filed July 9, 2016). Moreover, the trial court at no time ever granted Appellant leave to file a post-sentence motion *nunc pro tunc*. Therefore, any "motion for correction of sentence *nunc pro tunc*" at this juncture would be untimely in the context of Rule 720. *See* Pa.R.Crim.P. 720(A)(1). Additionally, the alleged sentencing error at issue is not the type of "patent" or "obvious" error that a court has inherent authority to correct. *See Commonwealth v. Holmes*, 593 Pa. 601, 933 A.2d 57 (2007) (stating court has inherent power to correct sentencing errors in absence of traditional jurisdiction only where sentencing order contains patent and obvious mistake). Based on the foregoing, the court properly dismissed Appellant's "motion for correction of sentence *nunc pro tunc*" as untimely.

In his second issue, Appellant argues his mandatory minimum sentences violate his due process and equal protection rights because other

---

[6] The use of the original date of sentencing for purposes of determining the timeliness of Appellant's current PCRA petition (which technically attacks the new sentence imposed on March 30, 2012) could conceivably cause some confusion. We do not, however, need to address the matter in this appeal. Appellant did not file a direct appeal from his new sentence. Thus, even if we used the amended sentence date March 30, 2012, as the relevant date for determining when Appellant's judgment of sentence became final, the current PCRA petition is still time-barred.

defendants sentenced under unconstitutional statutes have had their sentences vacated. Appellant concludes he is similarly entitled to resentencing. We cannot agree.

As a preliminary matter, issues not raised before the PCRA court are waived on appeal. *Commonwealth v. Lauro*, 819 A.2d 100 (Pa.Super. 2003), *appeal denied*, 574 Pa. 752, 830 A.2d 975 (2003). *See also* Pa.R.A.P. 302(a) (stating: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Likewise, any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005).

Instantly, Appellant failed to raise his due process/equal protection claim in his "motion for correction of sentence *nunc pro tunc*." Appellant also failed to articulate the issue in his Rule 1925(b) statement. Thus, Appellant's second issue is waived. *See id.*; *Lauro, supra*. Moreover, Appellant's "motion for correction of sentence *nunc pro tunc*" remains time-barred under the PCRA, so the court would have lacked jurisdiction to entertain Appellant's due process/equal protection challenge even if he had raised it in his "motion." Accordingly, we affirm.

Order affirmed.

Judge Musmanno joins this memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/13/2016