J-S65038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RENE RUIZ-MAYO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK GARMAN | : | No. 600 MDA 2019 |

Appeal from the Order Entered March 20, 2019
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-18-10615

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JANUARY 06, 2020**

Appellant, Rene Ruiz-Mayo ("Appellant" or "Ruiz-Mayo"), *pro se*, appeals from the order entered March 20, 2019, that dismissed, without a hearing, the petition that he styled as a "Petition for Writ of *Habeas Corpus ad Subjiciendum*" but that the Court of Common Pleas deemed a third petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

> On April 3, 2012, Ruiz-Mayo, represented by John E. Churchville, Esquire . . . , entered a negotiated guilty plea to a variety of crimes.[1]  The trial court accepted the negotiated plea and, on the same date, imposed an aggregate prison sentence of twenty-five to fifty years.  Ruiz-Mayo did not file a direct appeal.
>
> [1] Ruiz-Mayo pled guilty to three separate docket numbers. At docket number [CP-36-CR-0005694-2011], Ruiz-Mayo pled guilty to one count of criminal attempt (homicide), four counts each of first-degree aggravated assault and second

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

degree aggravated assault, one count of firearms without license, and two counts of recklessly endangering another person. At docket number [CP-36-CR-0005678-2011], Ruiz-Mayo pled guilty to one count each of firearms without license and receiving stolen property. At docket number [CP-36-CR-0000024-2012], Ruiz-Mayo pled guilty to one count each of delivery of cocaine and criminal use of a communication facility.

Ruiz-Mayo filed his first PCRA Petition on June 25, 2012. The PCRA court appointed Christopher P. Lyden, Esquire ("Attorney Lyden"), as Ruiz-Mayo's counsel. Counsel filed a **Turner/Finley**[2] no-merit letter and Petition to Withdraw. The PCRA court issued a Pa.R.Crim.P. 907 Notice of intent to dismiss the petition, and Ruiz-Mayo did not file a response. The PCRA court granted Attorney Lyden's Petition to Withdraw and dismissed the PCRA Petition on March 21, 2013. Ruiz-Mayo did not file a Notice of Appeal.

> [2] **Commonwealth v** [**Geary**] **Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 230 (Pa. Super. 1988) (*en banc*).

Ruiz-Mayo filed [his second] PCRA Petition on July 10, 2014. The PCRA court appointed Vincent J. Quinn, Esquire ("Attorney Quinn"), as Ruiz-Mayo's counsel. Attorney Quinn filed a **Turner/Finley** no-merit letter and Petition to Withdraw. The PCRA court issued a Pa.R.Crim.P. 907 Notice of intent to dismiss the Petition, and Ruiz-Mayo did not file a response. Thereafter, the PCRA court granted Attorney Quinn's Petition to Withdraw and dismissed the PCRA Petition. Ruiz-Mayo filed a timely Notice of Appeal.

**Commonwealth v. Ruiz-Mayo**, No. 435 MDA 2015, unpublished memorandum at 1-2 (Pa. Super. filed September 24, 2015). This Court affirmed the order dismissing Appellant's second PCRA petition. **Id.** at 1, 5.

On December 10, 2018, Appellant *pro se* filed a "Petition for Writ of Habeas Corpus ad Subjiciendum", which the lower court deemed a third PCRA

petition and dismissed without a hearing on March 20, 2019.[2]  On April 15,

2019, Appellant filed this timely appeal.[3]

Appellant presents the following issues for our review:

1.    Whether there is statutory authorization for the imposed sentence(s)?

---

[2] A review of the record reveals that the lower court failed to issue notice of its intent to deny the petition after deeming it a PCRA petition, as is required by Pa.R.Crim.P. 907.

> Although the notice requirement set forth in Rule 907 has been held to be mandatory, **see Commonwealth v. Feighery**, 443 Pa.Super. 327, 661 A.2d 437 (1995) (**Feighery** discussed Pa.R.Crim.P. 1507, which was renumbered as Rule 907 as of April 1, 2001), Appellant has not objected to its omission and thereby has waived the issue. **See Commonwealth v. Williams**, 909 A.2d 383 (Pa.Super.2006); **see also Commonwealth v. Guthrie**, 749 A.2d 502 (Pa.Super.2000).  Moreover, the Supreme Court has indicated, on at least one occasion, that when a PCRA petition is untimely filed, the failure to provide such notice is not reversible error.  **Commonwealth v. Pursell**, 561 Pa. 214, 749 A.2d 911 (2000); **see also Commonwealth v. Davis**, 916 A.2d 1206 (Pa.Super.2007).

**Commonwealth v. Boyd**, 923 A.2d 513, 514 n.1 (Pa. Super. 2007). Analogously, Appellant in the current appeal has not objected to the omission of a Rule 907 notice and, accordingly, has waived the issue. **Id.** Additionally, as discussed below, Appellant's petition was properly deemed an untimely PCRA petition by the lower court, and the court's failure to provide a Rule 907 Notice consequently is not reversible error. **Id.**

[3] The lower court did not order and Appellant did not file a statement of errors complained of on appeal.  The court had filed an opinion with its order dismissing Appellant's petition.  On May 10, 2019, the court entered an "Opinion Sur Appeal" stating that the opinion accompanying its order dated March 20, 2019, would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

> 2. Whether Purdon's Pennsylvania Consolidated Statutes Annotated contain the mandatory enacting clause from the legislature?
>
> 3. Whether the 1968 Pennsylvania Constitution contain[s] a general saving[] clause and/or saving[] schedule applicable to criminal prosecution?
>
> 4. Whether the trial court have subject matter jurisdiction with the lack of enacting clause for Purdon's Pennsylvania Consolidated Statutes Annotated?
>
> 5. Whether the trial court have subject matter jurisdiction with the lack of a general saving clause and/or saving[] schedule applicable to criminal prosecutions for the 1968 Pennsylvania Constitution?
>
> 6. Whether the Relator/Peti[ti]oner/Appellant indicted by a grand jury?
>
> 7. Whether the Relator/Petitioner/Appellant waived his Fifth Amendment right to have a bill of indictment submitted to a grand jury?

Appellant's Brief at 4 (lower court's answers and unnecessary capitalization omitted).

Preliminarily, we note that *habeas corpus* petitions have been subsumed into the PCRA. 42 Pa.C.S. § 9542 ("The action established in this subchapter [-- *i.e.*, the PCRA --] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus"); *see also* **Commonwealth v. Emma Turner**, 80 A.3d 754, 770 (Pa. 2013) (PCRA "subsumes the remedies of habeas corpus"). Ergo, the lower court was correct that Appellant's petition would properly be considered a PCRA petition, irrespective of the name given to it by Appellant.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute. *See* 42 Pa.C.S. § 9545(b)(1).[4]

---

[4] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Appellant's judgment of sentence became final thirty days after his sentencing – *i.e.*, May 3, 2012. Pa.R.A.P. 903(a). Appellant had one year thereafter to file a PCRA petition – *i.e.*, until May 3, 2013. 42 Pa.C.S. § 9545(b)(1). Appellant filed the current petition on December 10, 2018, greater than five years late. Therefore, Appellant's petition was patently untimely, and he has not pleaded a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of majority of Appellant's claims and properly dismissed his petition.[5]

---

[5] We note that Appellant's first appellate issue is a challenge to the legality of his sentence. Appellant's Brief at 4, 7.

> One well-established exception is that challenges to the legality of the sentence are never waived. This means that a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition.

***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*). As Appellant's PCRA petition is untimely, this Court does not have jurisdiction to hear Appellant's PCRA petition, and we thereby cannot entertain his challenge to the legality of his sentence.

We further observe that Appellant's fourth and fifth issues on appeal are challenges to the trial court's subject matter jurisdiction, Appellant's Brief at 4, 10-11, and "subject matter jurisdiction[ is] an issue not susceptible to waiver." ***Commonwealth v. Jones***, 929 A.2d 205, 208 (Pa. 2007),

Subject matter jurisdiction is purely a question of law. ***Id.*** at 211. "Our standard of review is *de novo*, and our scope of review is plenary." ***Id.*** (citation omitted); ***see also Commonwealth v. McGarry***, 172 A.3d 60, 65 (Pa. Super. 2017) ("[i]ssues pertaining to jurisdiction are pure questions of law, and an appellate court's scope of review is plenary"; "[q]uestions of law

For the reasons given above, we discern no error of law, and, hence, we affirm the order below. *See Medina*, 209 A.3d at 996.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/06/2020

---

are subject to a *de novo* standard of review" (citation omitted)), *appeal denied*, 185 A.3d 966 (Pa. 2018).

> Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. *See* 18 Pa.C.S. § 102. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code. Pa. Const. Art. 5, § 5 (establishing the jurisdiction of the courts of common pleas within the unified judicial system).

*Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003); *see also McGarry*, 172 A.3d at 66 ("All courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code pursuant to 42 Pa.C.S. § 931." (additional citation and internal brackets omitted)). Appellant was charged with violations of the Crimes Code, and, thus, the Court of Common Pleas had jurisdiction to hear his case.