J-S66025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOI NGOC NGHIEM | : | |
| | : | |
| Appellant | : | No. 1649 EDA 2019 |

Appeal from the PCRA Order Entered April 23, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000566-2000

BEFORE:  STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:  **FILED FEBRUARY 11, 2020**

Appellant Loi Ngoc Nghiem appeals *pro se* from the order dismissing his sixth Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant, in relevant part, claims that the Commonwealth interfered with his ability to obtain the results of a DNA test that would establish his innocence.  We affirm.

The relevant facts giving rise to this appeal are well known to the parties.  Briefly, on April 4, 2000, Maria Polites discovered the body of her son, Constantine Polites, at their home.  He had been bound at the wrists and ankles, stabbed in excess of forty times, and shot three times in the head.  She later discovered cash and personal property were missing from the home.  On April 5, 2000, Appellant went to the Upper Darby Police Department for an

_____

[1] 42 Pa.C.S. §§ 9541-9546.

interview about the murder. He then gave an incriminating statement to the police.

On June 14, 2002, a jury found Appellant guilty of murder in the first degree, robbery, burglary, unlawful restraint, and possession of a firearm without a license. The trial court sentenced Appellant to life plus twenty to forty years' imprisonment on June 27, 2002.

Appellant appealed, and this Court affirmed on July 12, 2004. *Commonwealth v. Nghiem*, 3700 EDA 2002 (Pa. Super. filed July 12, 2004) (unpublished mem.). Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

Appellant subsequently filed several unsuccessful petitions for collateral review. A discussion of the immediately preceding PCRA petition, which is not the subject of the instant appeal, is necessary to explain the issues raised in the PCRA petition that is before us.

On March 24, 2017, Appellant filed his fifth[2] PCRA petition, a motion for post-conviction DNA testing pursuant to 42 Pa.C.S. § 9543.1. Appellant sought DNA testing on a large number of items, including a hair found at the

---

[2] "A motion for DNA testing, while clearly separate and distinct from claims pursuant to other sections of the PCRA, nonetheless constitutes a postconviction petition under the PCRA." *Commonwealth v. Williams*, 909 A.2d 383, 384 n.1 (Pa. Super. 2006). The Appellant filed this PCRA petition at the same time he was litigating his motion for post-conviction DNA testing before the PCRA court. As a result, the Commonwealth occasionally refers to the instant PCRA petition as his fifth PCRA petition and sixth PCRA **pleading**, but it is actually his sixth petition for post-conviction relief.

crime scene that did not match the victim or Appellant. Appellant's Mot. for Post-Conviction DNA Testing, 3/24/17, at 2-3; Appellant's Mem. of Law in Supp. of Mot. for Post-Conviction DNA Testing, 10/10/17, at 3-6; Suppl. Ex. to Mot. for DNA Testing, 5/9/17, Ex. E (hair fiber report). The Commonwealth answered the motion stating that on September 12, 2011, the Commonwealth provided to trial counsel, among other things, an August 25, 2000 DNA test performed on rectal swabs[3] taken from the victim's body (rectal swab report). Appellee's Am. Answer to Mot. for Post-Conviction DNA Testing, 10/10/17, at 1-2, Ex. A. The rectal swab report indicated that the DNA on the swabs matched the victim's DNA. *Id.*, Ex. B. The rectal swab report contained a chart comparing various DNA genetic loci from the samples tested (DNA type chart). *Id.*, Ex. B at 2. The PCRA court denied the motion for DNA testing on May 1, 2018. Appellant did not appeal the decision.

On December 14, 2017, while the motion for DNA testing was still pending, Appellant filed the instant *pro se* PCRA petition, his sixth, which was docketed on December 27, 2017. Therein, he argued that he obtained the rectal swab report for the first time when he received the Commonwealth's answer to his motion for DNA testing on October 16, 2017. Appellant's PCRA Pet., 12/14/17, at 3; Appellant's Mem. of Law in Supp. of PCRA Pet., 9/7/19,

---

[3] The Commonwealth's answer interchangeably refers to these as anal swabs and rectal swabs. Appellee's Am. Answer to Mot. For Post-Conviction DNA Testing, 10/10/17, at 1-2.

at 3-5. Appellant then compared the rectal swab report with the March 28, 2002 hair fiber report (hair fiber report), which he already possessed.[4] Appellant argued that he realized for the first time after comparing the two reports that the hair fiber report should have included a DNA type chart. Appellant's Mem. of Law in Supp. of PCRA Pet., 9/7/19, at 4-9. Appellant contended that the Commonwealth possessed the "missing" DNA type chart but refused to disclose it in violation of its **Brady**[5] obligations. Appellant's Mem. of Law in Supp. of PCRA Pet., 9/7/19, at 7-18.

_____

[4] Appellant already had the March 28, 2002 report (hair fiber report) which discussed the examination of hair fibers found at the crime scene. Appellant's Brief at 6; **see also** Appellant's Mem. of Law in Support of Mot. For Post-Conviction DNA Testing, 3/24/17, at 3-4; Suppl. Ex. to Mot. For DNA Testing, 5/9/17, Ex. E. Conclusion number nine of the hair fiber report states that a hair found in the middle bedroom of the victim's house did not come from the Appellant or the victim. Appellant's Mem. of Law in Supp. of PCRA Pet., 9/7/19, Ex. BB at 2-3. Appellant was aware of this fact at the time of trial. Appellant's Brief at 6.

[5] **Brady v. Maryland**, 373 U.S. 83 (1963). In **Brady**, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." **Brady**, 373 U.S. at 87. A defendant must demonstrate the following to establish a **Brady** violation: "(1) the evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) the evidence was favorable to the defendant; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant." **Commonwealth v. Haskins**, 60 A.3d 538, 547 (Pa. Super. 2012) (citation omitted). In proving a **Brady** violation, "[t]he burden rests with the defendant to prove, by reference to the record, that evidence was withheld or suppressed by the prosecution. The withheld evidence must have been in the exclusive control of the prosecution at the time of trial." **Id.** (internal quotation marks and citation omitted). However, "[n]o **Brady** violation occurs when the

Procedurally, Appellant claimed that the instant PCRA petition satisfied the governmental interference exception to the PCRA's one year time bar pursuant to 42 Pa.C.S. § 9545(b)(1)(i). Appellant's Mem. of Law in Supp. of PCRA Pet., 9/7/19, at 18-22; Appellant's Brief at 20-23. Appellant's substantive claims for post-conviction relief were supported by his claims of **Brady** violations and ineffective assistance of counsel relating to the alleged missing DNA type chart from the hair fiber report. Appellant's Mem. of Law in Supp. of PCRA Pet., 9/7/19, at 7-18, 22-28.

On March 8, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing, which stated that Appellant's petition was untimely and his claim lacked merit. Appellant filed a *pro se* response that the PCRA court docketed on April 22, 2019. On April 25, 2019, the PCRA court dismissed Appellant's petition as untimely.[6]

Appellant filed a timely *pro se* notice of appeal on Tuesday, May 28, 2019.[7] The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b).

---

defendant knew, or with reasonable diligence, could have discovered the evidence in question." **Id.**

[6] The PCRA court docketed the order on April 24, 2019, but notice was not given until April 25, 2019.

[7] Generally, a notice of appeal must be filed within thirty days of the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). Here, the order dismissing Appellant's PCRA petition was entered on April 25, 2019. **See**

Appellant raises the following issues on appeal:

1. Did the PCRA court err in holding, without an evidentiary hearing under Pa.R.Crim.P.908, that [Appellant's] petition was untimely where there was exculpatory evidence in the form of DNA excluding [Appellant] which shows: (a) that the hair found at the crime scene did not come from him and (b) the DNA genetic profile of the individual whose name remains unknown (DNA type chart) was not previously known or understood by [Appellant], was a newly discovered fact pursuant to 42 Pa.C.S. § 9545(b)(1)(ii)?

2. Did the PCRA Court err in holding, without an evidentiary hearing under Pa.R.Crim.[P.] 908, that [Appellant's] petition was untimely where there was evidence that any delay establishing untimeliness was a result of government interference pursuant to 42 Pa.C.S. § 9545(b)(1)(i) because the Commonwealth withheld and continues to withhold exculpatory tests showing the genetic profile (DNA type chart) of the DNA profile of the individual whose name is unknown from [Appellant] in violation of **Brady**?

3. Is [Appellant] eligible for relief under 42 Pa.C.S. § 9543(a)(2)(i) because the Commonwealth withheld and continues to withhold exculpatory evidence, lab tests revealing that the genetic profile (DNA type chart) of the DNA profile of the individual whose name is unknown, neither match [Appellant] nor made available to the defense before, during or after trial, in violation of **Brady**?

4. Is [Appellant] eligible for relief under 42 Pa.C.S. § 9543(a)(2)(vi) because of the unavailability at the time of trial of the genetic profile (DNA type chart) of the DNA profile of the individual whose name remains unknown, which shows that the hair found at the crime scene not only did not match [Appellant], it pointed to an "alternative suspect" whose name and genetic profile is still unknown, which, if presented to the jury, there would have been a reasonable probability of a different result?

---

Pa.R.A.P. 108(a)(1), (d)(1) (the date of entry of an order is the day the clerk of the court mails copies of the order to the parties). The thirtieth day from April 25, 2019, was Saturday, May 25, 2019. Furthermore, Monday, May 27, 2019, was Memorial Day. Therefore, Appellant's *pro se* notice of appeal, which was docketed on the next business day, was timely filed. **See** 1 Pa.C.S. § 1908.

5. Did the PCRA court err in dismissing [Appellant's] petition without an evidentiary hearing under Pa.R.Crim.P. 908 where material issues of fact existed as to the Commonwealth not committing a *Brady* violation and/or Government Interference, but instead [Appellant's] Trial Counsel denied [him] effective assistance, whereupon the Commonwealth did provide the exculpatory evidence of the genetic profile of the unnamed individual and counsel omitted said exculpatory evidence from the jury?

Appellant's Brief at 2-3 (emphasis omitted).

Appellant's issues are related, and we will summarize them together. Appellant argues that the Commonwealth has in its possession, but refused to provide to him, DNA test results in the form of a DNA type chart related to the March 28, 2002 hair fiber report. Appellant's Brief at 12-17, 19-23; *see also* Appellant's Mem. of Law in Supp. of PCRA Pet., 9/7/19, Ex. BB. Appellant also argues that the "missing" DNA type chart for the hair fiber report is a newly discovered fact conclusively excluding him as the source of the DNA found at the crime scene. Appellant's Brief at 9, 10, 17.

Our standard of review from the dismissal of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "We will not disturb findings that are supported by the record." *Id.*

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one

year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). The three statutory exceptions to the PCRA's one year time bar are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, a petitioner must also file his petition within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).[8] A PCRA petitioner has the "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted).

---

[8] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, extending the time for filing from sixty days of the date the claim could have been first presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act of Oct. 24, 2018, P.L. 894, No. 146, § 3. Because Appellant filed the instant serial PCRA petition on December 14, 2017, the amended Section (b)(2) does not apply to him.

There is no dispute that Appellant's conviction became final in 2004, and that Appellant's current PCRA petition, which was filed on December 14, 2017, is facially untimely. Because Appellant filed the instant PCRA petition more than one year after his conviction became final, he must satisfy one of the exceptions to the PCRA time bar. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In his brief, Appellant raises both the governmental interference and newly discovered fact exceptions, alleging that the Commonwealth has committed and is continuing to commit a *Brady* violation by withholding from Appellant an alleged DNA type chart indicating that a hair found at the crime scene matches an individual other than Appellant or the victim. Appellant's Brief at 13-23.

> The Pennsylvania Supreme Court has noted that
>
> > [a]lthough a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. Section 9545(b)(1)(ii)'s exception requires the facts upon which the *Brady* claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. In [*Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007)], we clarified that § 9454(b)(1)(ii)'s exception does not contain the same requirements as a *Brady* claim, noting "we made clear the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence."

*Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citations omitted); *see also Commonwealth v. Smith*, 194 A.3d 126, 133 (Pa. Super.

2018). Due diligence "requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. S. Burton*, 121 A.3d 1063, 1071 (Pa. Super. 2015) (*en banc*) (citations omitted).

Relatedly,

[t]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations and formatting omitted).

Instantly, in rejecting Appellant's argument, the PCRA court concluded that Appellant did not plead and prove that a *Brady* violation occurred. The PCRA court found that the hair fiber report was provided to defense counsel prior to trial, and Appellant was aware that a hair fiber belonging to someone other than Appellant and the victim existed. PCRA Ct. Op., 7/10/19, at 6 (unpaginated). The PCRA court reasoned that the fact that the rectal swab report contained a DNA type chart did not prove that a similar chart was created for the hair fiber report, or that the Commonwealth was withholding it. *Id.* The PCRA court further found that Appellant did not exercise due diligence in investigating the hair fiber report, which had been produced prior

- 10 -

to trial. *Id.* For these reasons, the PCRA court concluded that there was no governmental interference that prevented Appellant from investigating the hair fiber report since the date of trial and that the PCRA petition was untimely. *Id.* at 6, 8.

Following our review, we agree with the PCRA court that Appellant's petition is untimely. Appellant did not plead and prove a DNA type chart for the hair fiber report existed and that the Commonwealth withheld it. Because Appellant's factual premise is purely speculative, he cannot establish his PCRA petition was timely filed under the governmental interference exception. *See Commonwealth. v. Dickerson*, 900 A.2d 407, 411 (Pa. Super. 2006) (finding that alleged *Brady* violation did not establish governmental interference exception to the PCRA time bar because it was "nothing but pure speculation"). Furthermore, Appellant's previous PCRA submissions indicate that he had the hair fiber report prior to the filing of the instant petition. *See* Supp'l PCRA Pet., 2/21/07, Exs. at 58 (exhibits are not consistently labeled or paginated); Suppl. Ex. to Mot. for DNA Testing, 5/9/17, Ex. E. Even if there were a missing DNA type chart, and the record before us does not establish that there is one, Appellant cannot show that this information could not have been obtained earlier with the exercise of due diligence. Copies of the hair fiber report have been attached to several of Appellant's PCRA filings going back to 2007. An investigation into a supposedly missing DNA type chart in

2017 was not a reasonable effort to uncover facts based on Appellant's particular circumstances.

Moreover, we note that Appellant's argument that his petition is timely under the newly discovered fact exception has been raised for the first time on appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. F. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007) ("exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal."). Our examination of the record indicates that Appellant only argued the governmental interference exception to the PCRA court and the PCRA court found Appellant had not established that exception. *See* PCRA Ct. Op., 7/10/19, at 3-6 (unpaginated). As Appellant did not present the newly discovered evidence exception to the PCRA court, it is waived.

Even if Appellant had not waived his newly discovered fact argument, his petition would still be untimely. There are two elements to a newly discovered fact claim to overcome the PCRA's one-year time bar: "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." **Brown**, 111 A.3d at 176-77 (citation and formatting altered). "[T]he 'new facts' exception at Section 9545(b)(1)(ii)

does not require any merits analysis of an underlying after-discovered-evidence claim." *Id.* at 177. Here, for the reasons discussed above, Appellant did not prove that the fact upon which his claim was predicated was unknown or that he exercised due diligence.

Because nothing in the record establishes the existence of a DNA type chart for the hair fiber report, Appellant failed to plead and prove one of the timeliness exceptions. Accordingly, we conclude that the PCRA court acted within its discretion in declining to hold an evidentiary hearing. *See Wah*, 42 A.3d at 338. Having discerned no error of law, we affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/20